The Honorable Sue Madison State Representative 573 Rockcliff Road Fayetteville, AR 72701-3809
Dear Representative Madison:
I am writing in response to your request for my opinion on the following question:
 May institutions of higher education grant their employees paid leave for time lost due to job-related injuries or illnesses?
RESPONSE
The answer to your question is "yes," on terms that depend on whether the employee is "classified," "faculty nonclassified" or "nonfaculty nonclassified."
Although you do not address the issue, I will assume in my discussion that your request is limited to public institutions of higher education.
In order to answer your question, I must distinguish between classified, faculty nonclassified and nonfaculty nonclassified employees of colleges and universities.[1] The range of potentially available benefits varies from group to group.
Workers' compensation is the one benefit that applies to all three groups. The Public Employees Workers' Compensation Act, A.C.A. § 21-5-601et seq., applies to "[a]ny officer or employee of any state . . . college, university, or community college. . . ." A.C.A. § 21-5-603(a)(1) (Supp. 1999). Coverage consequently extends to both classified and nonclassified employees. This legislation provides for compensation for any occupational injury, death or disease. A.C.A. § 21-5-608.
The Uniform Attendance and Leave Policy Act, A.C.A. § 21-4-201 et seq.,
applies to all "state-supported institutions of higher learning." A.C.A. § 21-4-203(1) (Supp. 1999). However, this statute expressly excludes from its coverage "[a]ll administrative, academic, or other nonclassified employees." A.C.A. § 21-4-203(1)(E) (Supp. 1999). The sick leave available to classified employees is set forth at A.C.A. § 21-4-207
(Supp. 1999). Subsections (a) and (a)(1) of this statute provide that sick leave will accrue on the basis of one day per complete month of service, with only 120 days to be carried over from one year to the next. Subsection (f)(1) of this statute provides as follows:
 Absences due to sick leave, except in the case of maternity leave, shall be charged in the following order:
(A) Earned sick leave;
(B) Earned annual leave;
(C) Catastrophic leave, when authorized;
(D) Leave without pay, when authorized.
Section 21-4-208 of the Code provides that an employee may collect sick-leave benefits to supplement workers' compensation benefits only up to the amount of pre-injury salary.
The terms of annual leave are set forth at A.C.A. § 21-4-204 (Supp. 1999). Subsection 21-4-214(c) provides for catastrophic leave benefits "when the employee is unable to perform his or her duties due to a catastrophic illness." Subsection (e) of the statute provides that the combination of workers' compensation benefits and catastrophic leave benefits cannot exceed compensation received at the onset of the illness or injury. The conditions for leave without pay are set forth at A.C.A. § 21-4-210.
Classified employees are further subject to the strictures of the Uniform Compensation and Classification Act, A.C.A. § 21-5-201 et seq., which prohibits compensation at a rate of pay higher than that legislatively authorized in A.C.A. § 21-5-209 for any given employee's class and grade.
In my opinion, the above described legislation provides a comprehensive legislative scheme for compensation to classified employees of institutions of higher learning for time lost due to job-related injury or illness. Nothing in the legislation suggests that the General Assembly intended to afford these institutions discretion to pay occupationally injured or ill classified employees compensation in excess of that dictated by statute. I must consequently conclude that any expenditure of public funds for such additional payments would constitute an illegal exaction in violation of Ark. Const. art. XVI, § 13.
With the exception of workers' compensation, the legislature has made no provision for benefits available to faculty nonclassified employees. In excluding these employees from its legislative directives regarding sick leave, annual leave and catastrophic leave, the legislature clearly intended to leave to the institutions themselves decision-making power regarding compensation for job-related injury or illness.
This same conclusion applies to nonfaculty nonclassified employees, with the single exception that the legislature has enacted for them separate legislation covering catastrophic illness or injury. Section 6-63-601 etseq. of the Code sets forth the administrative structure of the Catastrophic Leave Bank Program and authorizes paid leave for employees not only in the event of catastrophic illness or injury to themselves, but also to members of their immediate families. Section 6-63-601 defines covered "employees" as "nonfaculty nonclassified personnel employed by a state institution of higher education."
Finally, both classified and nonclassified employees are subject to the provisions of Ark. Const. art. XVI, § 4, which prohibits compensation "at any rate other than par value." As my predecessor noted in Op. Att'y Gen. 93-435: "It may be contended . . . under the plain meaning of the term `par value,' that salary received for work not performed is the receipt of salary at greater than `par value.'" However, as the statutes discussed herein reflect, this constitutional restriction does not preclude payment of reasonable compensation for job-related injury or illness.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] The job titles of employees qualifying as "classified" are listed at A.C.A. § 21-5-208.